BRATZ, Appellant, vs. STARK, Respondent.

*March 9—March 30, 1909.*

*Negligence: Fires: Evidence: Special verdict: Omissions: Waiver.*

1. In an action for damages on account of a fire alleged to have been negligently started by defendant on his own land and negligently allowed to escape onto plaintiff's adjoining land, the evidence is *held* to sustain a verdict finding that the fire was not caused by defendant's negligence.

2. A special verdict in such case finding that the fire which started on defendant's lands and burned over the lands of the plaintiff was not caused by negligence of the defendant, is *held* to have covered the question whether that fire started by reason of any negligence of defendant in starting or guarding certain brush pile fires from which it was claimed the fire in question originated; and, the evidence being undisputed and conclusive that after that fire was discovered no efforts would have availed to prevent its spread to plaintiff's land, it was not necessary to submit that question to the jury.

3. Under sec. 2858*m*, Stats. (Laws of 1907, ch. 346), omission to submit any controverted question in the special verdict is not ground for reversal if there was no specific request for such submission. A finding thereon in conformity with the judgment will be presumed to have been made by the court, and if the evidence is sufficient to sustain such finding it will not be disturbed.

APPEAL from a judgment of the circuit court for Monroe county: J. J. FRUIT, Circuit Judge. *Affirmed.*

Action for damages alleged to have resulted from a fire negligently started by defendant on his own premises and negligently allowed to escape unto the plaintiff's timber land lying to the east of him. The evidence disclosed, without much dispute, that about 1:30 or 2 o'clock a forest fire was discovered upon a forty acres belonging to defendant, covered with a growth of brush and small timber. The fire ran over certain of plaintiff's premises lying to the eastward and caused damage thereto. It appeared that defendant owned other land immediately south of that upon which the fire started,

that the same had been cleared from brush and the brush gathered into piles, and that the morning of the same day defendant had burned eight of these piles of brush. He testified that he had continued his attendance on them from 7 a. m. till noon, long after they were burned to ashes, and that no fire escaped from them to the place where the forest fire was found, which was about twenty-five rods from the nearest of these piles. Much evidence was given as to meteorological conditions and as to the precautions exercised by defendant.

The court submitted to the jury a special verdict, of which but one question was answered, and that in the negative, to wit: "Was the fire that started on defendant's lands on May 18, 1907, and which burned over the lands of the plaintiff, caused by negligence of the defendant?" The court instructed the jury to consider, in response to this question, both whether defendant was negligent in causing the fire or in permitting the fire to escape into the adjoining woods, and that they should answer affirmatively if they found negligence in either respect. After motions to reverse the answer to this question and for a new trial, judgment was entered in favor of the defendant, from which the plaintiff appeals.

*G. M. Perry,* for the appellant.
*Thorwald P. Abel,* for the respondent.

DODGE, J. The only error which is both assigned and argued by appellant consists in permitting the verdict to stand in defiance of asserted uncontradicted evidence that defendant negligently caused the fire which damaged plaintiff. For convenience we will refer to the fires started by the defendant in the morning to burn his brush as the "brush pile fires," and to that which originated in the afternoon in the woods on defendant's land as the "woods fire." There was no direct evidence how the latter started. It is argued that the proximity of the brush pile fires was such that an inference must be

drawn that either those fires escaped and ran into the woods or that the high wind blew sparks or brands. There is evidence which, if credited, fully negatives the former theory, and there is evidence that defendant stayed with the brush pile fires until they had entirely burned out, leaving not until nearly noon. There is also evidence that defendant did nothing else to in any way cause the woods fire. So that we think there was evidence at least sufficient to warrant the jury in absolving defendant from any responsibility for the starting of the woods fire, whether by negligence or otherwise. As to any negligence in permitting the woods fire to escape eastward unto plaintiff's land, the evidence is undisputed that at the time it was discovered it was raging before a high westerly wind, with such vehemence that no human efforts could have stayed its progress to the leeward, and that it would have been not only futile but foolhardy to make any efforts in the face of that fire. Such evidence was clearly sufficient to at least make a jury question whether defendant was guilty of negligence in not making such attempt. Apart from such omission there is no suggestion of negligence. This assignment of error cannot be sustained.

There is some argument, though no assignment of error, that the verdict does not cover the issues, since the one answered question of the special verdict does not inquire as to defendant's negligence in permitting fire to escape after it had been started. We have no doubt that the question in the verdict refers to the woods fire, since that was the one that escaped unto and injured plaintiff's land. Therefore inquiry as to whether that fire was caused by defendant's negligence did submit the question whether any negligence of his, either in starting or in guarding the brush pile fires, was responsible for originating the woods fire; and the court very clearly instructed the jury to so consider the evidence in answering the question submitted. After the woods fire started and was discovered, the evidence is undisputed and conclusive that no

precautions could have been taken or efforts made of any effect to prevent its escape unto plaintiff's lands, and not without unreasonable danger to the life of any person so undertaking. Hence there was no occasion to submit that question to the jury. In any event, the failure to submit it, even in the presence of conflicting evidence, in the absence of a special request by appellant, need not reverse the judgment; for, even if the evidence is not conclusive, it is sufficient to support a finding by the trial court that there was no negligence in permitting the escape of that fire, which finding must be deemed to have been made in obedience to ch. 346, Laws of 1907 (sec. 2858*m*, Stats.)

Certain other assignments of error are not argued and therefore need not be here considered.

*By the Court.*—Judgment affirmed.